902-15

ORIGINAL

# 11-13-00308-CR

## TO THE COURT OF CRIMINAL APPEALS OF TEXAS

LARRY W. BENSON
(APPELLANT)

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 18 2015

Abel Acosta, Clerk

V.

THE STATE OF TEXAS
(APPELLEE)

FILED IN
COURT OF CRIMINAL APPEALS

SEP 18 2015

Abel Acosta, Clerk

## PETITION FOR DISCRETIONARY REVIEW

ON PETITION FROM THE 11TH COURT OF APPEALS, AFFIRMING JUDGMENT OF COURT IN CAUSE # 23111 OUT OF DISTRICT COURT EASTLAND. HONORABLE STEVEN R. HEROD 91ST DISTRICT.

LARRY W BENSON (PRO SE)

RUSSELL D THOMASON (DISTRICT ATT)

# TABLE OF CONTENTS

INDEX OF AUTHORITIES .......... iii

ORAL ARGUMENT STATEMENT .......... iv

STATEMENT OF THE CASE .......... iv

PROCEDURAL HISTORY .......... iv

GROUND FOR REVIEW .......... V

ARGUMENT .......... 1-4
    REASON FOR REVIEW .......... 1
    FACTUAL BACKGROUND .......... 1-4

THE COURT OF APPEALS ERRED IN
HOLDING THAT THE CONFESSION/
STATEMENT WAS LEGALLY OBTAINED
PER OREGON LAW.   CRP 38.22
TRIAL COURT SHOULD HAVE SUPRESSED
STATEMENT.

PRAYER FOR RELIEF .......... 4

T.R.A.P 9.4 COMPLIANCE .......... 5

CERTIFICATE OF SERVICE .......... 5,6

# INDEX OF AUTHORITIES

BALENTINE V STATE 71 SW3d 763 (4)

MIRANDA V ARIZ. 384 US 436 (3)

STANSBURY V. CALIF. 511 US 318, 322 (3)

CCP 38.22 8(1) (1)

## STATEMENT REGARDING ORAL ARGUMENT

APPELLANT REQUESTS ORAL ARGUMENT TO AID THE COURT IN ITS ANALYSIS. APPELLANT IS IN CUSTODY AND IS PROCEEDING PRO SE. APPELLANT WILL REQUIRE APPOINTMENT OF COUNSEL IF ORAL ARGUMENTS ARE GRANTED.

## STATEMENT OF CASE

APPELLANT WAS CHARGED WITH CONTINUOUS SEXUAL ABUSE OF A YOUNG CHILD. THE INDICTMENT WAS ISSUED ON JUNE 11, 2013. (CR I, 4) APPELLANT WENT TO TRIAL BY JURY. ON OCTOBER 8, 2013 A JURY RETURNED A GUILTY VERDICT. (CR I, 36) THE JUDGE THE SENTENCED APPELLANT TO A LIFE SENTENCE (CR I, 37) APPELLANT WAS AFFIRMED BY APPELLATE COURT.

## STATEMENT OF PROCEDURAL HISTORY

THE 11TH COURT OF APPEALS

(iv)

AFFIRMED THE TRIAL COURT'S JUDGMENT OF GUILT IN AN UNPUBLISHED MEMORANDUM OPINION DATED, JUNE 18, 2015, BENTON V. STATE NO. 11-13-00308-CR, SEE: (ATTACHED EXHIBIT)

NO MOTION FOR REHEARING WAS FILED. APPELLANT'S PETION FOR DISCRETIONARY REVIEW WAS FILED ON OR BEFORE SEPTEMBER 18, 2015 AS PER COURTS RULING ON MOTION FOR EXTENSION OF TIME.

## GROUND FOR REVIEW

THE 11TH COURT OF APPEALS ERRED IN HOLDING THAT TRIAL COURT'S DECISION NOT TO SUPRESS ORAL STATEMENTS ON THE VIDEOS WAS NOT AN ABUSE OF DISCRETION. STATEMENTS SHOULD HAVE BEEN SUPRESSED.

(V)

# ARGUMENT

## REASON FOR REVIEW:

THE COURT OF APPEALS HAS DECIDED IN A WAY THAT CONFLICTS WITH THE SPIRIT OF THE LAW. IT CANNOT BE KNOWN THAT A PERSON HAS BEEN ADVISED OF ALL HIS CONSTITUTIONAL RIGHTS IF THE RIGHTS ARE NOT READ TO DEFENDANT ON THE VIDEO. SO OREGON LAW DOES NOT PROTECT A PERSON FROM OMMISIONS OF CONSTITUTIONAL RIGHTS.

## FACTUAL BACKGROUND:

THE OREGON PEACE OFFICER (SULLIVAN) ADMITS THAT MIRANDA WARNINGS WERE NOT GIVEN ON THE VIDEO. THE RECORD SUPPORTS THAT APPELLANT WAS PLACED IN REAR OF POLICE UNIT, WAS HANDCUFFED AND SEPARATED FROM HIS OWN VEHICLE.

THE RECORD SHOWS THAT THE STATE CONTENDS THAT OREGON LAW WAS PROPERLY FOLLOWED THUS ALLOWING VIDEO STATEMENT BY WAY OF 38.22 CCP SECTION 8(1)

(1)

The record shows that Officer Sullivan, after determining that he had NO JURISDICTIONAL power to act on crimes that reportedly occured in Texas, continued with an investigation. It should be clear from the facts that: ① Appellant was handcuffed and placed in rear seat of police car ② Appellant was seperated from his own vehicle ③ Appellant was brought to a police station ④ Appellant could not leave as he had no vehicle and was dependent on police for a ride home. These factors would cause any reasonable person to think that his freedom had been deprived in significant ways.

It is clear that the statements used in this case came from a custodial interrogation.

Everything rests on the testimony of an over zealous officer who clearly states that he hoped to illicit incriminating evidence from appellant.

(2)

THE RECORD REFLECTS THAT THERE IS NO WAY TO KNOW IF APPELLANT WAS ADVISED WELL ENOUGH TO PROCTECT HIM FROM INVOLUNTARILY GIVING INCRIMINATING TESTIMONY AGAINST HIMSELF.

IF OREGON LAW ALLOWS STATEMENTS WITHOUT THE DEFENDANT'S WARNINGS BEING A PART OF THE RECORDING IT CAN'T PASS MUSTER.

THERE ARE SERIOUS PROBLEMS WITH THE BASIC CONSTITUTIONAL ISSUES IN THIS CASE. SEE: MIRANDA V. ARIZONA 384 US 436 AND STANSBURY V. CALIF. 511 US 318, 322

THE OFFICER'S TESTIMONY CONCERNING THE APPELLANT'S "VOLUNTARY" STATEMENT FLIES IN THE FACE OF LOGIC. NO PERSON IN THIER RIGHT MIND IS GOING TO VOLUNTARILY MAKE INCRIMINATING STATEMENTS AGAINST THEMSELVES. ALL "FACTS" IN THIS INSTANCE ARE DEPENDENT UPON THE UNPROVEN TESTIMONY OF SULLIVAN.

It is impossible to know if Appellant was given his warning's. There was no record of the rights that the officer made him aware of if any. The court of appeals should not have found that the trial court was correct in denying supression of the statements. SEE BALENTINE V STATE 71 SW3d 263

## PRAYER

For the reasons set forth in petition, Appellant asks the court to sustain the issue presented herein. Appellant prays that the judgment be reversed, set aside and vacated. Appellant asks that a judgment of acquittal be entered in his favor. In the alternative Appellant asks that the court reverse the judgment as it deems appropriate and grant any and all general relief Appellant may be entitled to.

(4)

EXECUTED ON THIS TENTH (10) DAY
OF SEPTEMBER 2015

X _I. Benton_
LARRY W. BENTON

## CERTIFICATE OF COMPLIANCE

I LARRY W BENTON DO HEREBY
CERTIFY THAT THE WORD COUNT
IN THIS DOCUMENT FOR MATTERS
NOT EXCLUDED BY RULE 9.4
IS LESS THAN THE LIMIT
REQUIRED OF A PETITION FOR
DISCRETIONARY REVIEW

X _I. Benton_
LARRY W BENTON

## U.S. MAIL CERTIFICATE OF SERVICE

I LARRY W BENTON CERTIFY THAT,
A COPY WAS MAILED TO APPELLEE'S
COUNSEL AT:

SARAH ADAMS
RUSSELL THOMASON
EASTLAND COUNTY COURTHOUSE
100 WEST MAIN SUITE #204
EASTLAND, TEXAS 76448

(5)

BY U.S. MAIL, POSTAGE PREPAID

EXECUTED ON THIS 10TH DAY
OF SEPTEMBER, 2015

X _Larry Benton_
LARRY W. BENTON
3060 FM 3514
BEAUMONT, TEXAS
77705

(6)



In The

# Eleventh Court of Appeals

---

## No. 11-13-00308-CR

---

### LARRY WAYNE BENTON, Appellant
### V.
### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 91st District Court
Eastland County, Texas
Trial Court Cause No. 23111**

---

## MEMORANDUM OPINION

The jury found Larry Wayne Benton guilty of the offense of continuous sexual abuse of a young child. The trial court assessed punishment and sentenced Appellant to life imprisonment. In his sole issue on appeal, Appellant asserts that the trial court abused its discretion when it overruled his motion to suppress evidence. We affirm.

### I. *Background and Evidence at Suppression Hearing*

Jane Doe,[1] Appellant's daughter, was eleven years old when she moved with her family and Appellant to Eastland. They eventually moved to Oregon. After they

---

[1]The indictment used the pseudonym "Jane Doe" to refer to the victim.

moved to Oregon, Doe alleged that Appellant first had sexual intercourse with her in Eastland, Texas, when she was eleven years old and that the abuse occurred several times. Doe's mother called the police, and Officer Jeremy Sullivan responded to the call.

Officer Sullivan testified that, when he arrived at Appellant's home, he met with Appellant. After an initial visit, Officer Sullivan determined that he could not arrest Appellant because he did not think that any crime had occurred in Oregon. Officer Sullivan asked Appellant whether he would cooperate and give him a statement. Officer Sullivan testified that, even though he had not yet "custodially detained" Appellant, he read Appellant his *Miranda*[2] rights because he "just had a hunch that it was going to lead to something" and because "it's good to get it . . . out in the forefront."

After he had informed Appellant of his *Miranda* rights, Officer Sullivan turned on the camera audio system in his vehicle, and Appellant acknowledged that Officer Sullivan had read him his *Miranda* rights and that he understood his rights.[3] Appellant subsequently confessed that he had had sexual intercourse with Doe.

Officer Sullivan testified that he asked Appellant whether he was willing to go to the police station to visit more; Appellant voluntarily agreed to go. Officer Sullivan offered Appellant a ride to the police station but explained that, although Appellant was not under arrest nor was he going to jail, police department policy was that all passengers in police vehicles must be handcuffed and placed in the backseat. Appellant accepted Officer Sullivan's offer. Officer Sullivan removed the handcuffs from Appellant when they arrived at the police station.

---

[2]*See Miranda v. Arizona*, 384 U.S. 436 (1966). Officer Sullivan testified that Oregon law does not require that the person's rights be read on video. *See* OR. REV. STAT. ANN. § 133.400 (West, Westlaw through Ch. 275 of the 2015 Reg. Sess.); *State v. Avila-Nava*, 341 P.3d 714, 719–20 (Or. 2014); *cf.* TEX. CODE CRIM. PROC. ANN. art. 38.22 (West Supp. 2014).

[3]Although Appellant and Officer Sullivan cannot be seen in the video, their voices can be heard.

2

After they arrived at the police station, Officer Sullivan took Appellant into an interview room, interviewed him a second time, and recorded that interview. Before he interviewed Appellant, Officer Sullivan told Appellant that he had the right to remain silent; that anything he said could be used against him in a court of law; that he had the right to an attorney; and that, if he could not afford an attorney, one would be appointed to represent him. Officer Sullivan confirmed that Appellant understood his rights. After Officer Sullivan concluded the second interview, he received information from a forensic interviewer who had interviewed Doe. The forensic interviewer said that Doe had been the victim of sexual abuse by Appellant when they were in a neighboring city. Officer Sullivan subsequently arrested Appellant based on that new information. Appellant filed a motion to suppress all statements made by him to police, which the trial court overruled. He later objected to their admission, and the trial court overruled those objections.

## II. *Analysis*

Appellant contends that Officer Sullivan did not comply with Article 38.22 of the Texas Code of Criminal Procedure because Officer Sullivan did not record, on video, his review with Appellant of Appellant's rights under *Miranda* in the first interview and because Officer Sullivan did not tell Appellant in either interview that Appellant could terminate the interview at any time. Therefore, Appellant argues that the oral statements on the videos are inadmissible and that the trial court erred when it admitted the videos. We review a trial court's ruling on a motion to suppress for an abuse of discretion. *Balentine v. State*, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002). We must view the evidence in the light most favorable to the trial court's ruling. *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). We defer to the trial court's findings of historical facts and review de novo the trial court's application of the law. *Wiede v. State*, 214 S.W.3d 17, 25 (Tex. Crim. App. 2007).

Under Texas law, a statement made by an accused in a custodial interrogation generally cannot be used as evidence against him at his trial unless he was given

3

proper warnings under Article 38.22 and unless he knowingly, intelligently, and voluntarily waived the rights contained in the warnings. CRIM. PROC. art. 38.22. If the statement does not stem from custodial interrogation, the warnings are not required and the statement can be used against the accused at trial. *Id.* Additionally, Article 38.22 allows for the admission of oral statements obtained as a result of custodial interrogations in another state if the statements were obtained in compliance with the laws of that state. *Id.* § 8(1).

Oregon requires that a peace officer advise a person, pursuant to *Miranda*, "that he or she has a right to remain silent and to consult with counsel and that any statements that the person makes may be used against the person in a criminal prosecution" and obtain a valid waiver before a custodial interrogation. *Avila-Nava*, 341 P.3d 719–20 (quoting *State v. Vondehn*, 236 P.3d 691, 699 (Or. 2010)); *see also Miranda*, 384 U.S. at 444–45. A valid waiver is determined from the totality of the circumstances and consists of a person understanding his rights and voluntarily talking with the interviewer. *State v. Meade*, 963 P.2d 656, 660 (Or. 1998). Oregon also requires that certain custodial interviews conducted by a peace officer in a law enforcement facility be electronically recorded. *See* OR. REV. STAT. ANN. § 133.400.

Appellant contends that he was in custody during both interviews and that Officer Sullivan did not comply with Article 38.22 because he did not record Appellant's rights in the first interview or inform Appellant at either interview that Appellant could terminate the interview at any time. If Appellant was not in custody, the statements are admissible. *See* CRIM. PROC. art. 38.22. If Appellant was in custody, the statements are admissible if Officer Sullivan complied with Oregon law to obtain the statements. *See id.* § 8(1).

Officer Sullivan read Appellant his rights, according to Oregon law, at Appellant's house and at the police station and made sure that Appellant understood his rights. Appellant voluntarily spoke to Officer Sullivan and complied with his requests. Officer Sullivan electronically recorded the interview at the police station.

4

Officer Sullivan complied with Oregon law to obtain Appellant's statements; therefore, whether Appellant was in custody or not, the statements were admissible pursuant to Article 38.22, section 8(1). *See* OR. REV. STAT. ANN. § 133.400; *Avila-Nava*, 341 P.3d at 719–20. Appellant has not challenged that Officer Sullivan failed to comply with Oregon law or with *Miranda*; he only challenges the correct application of Article 38.22. We hold that the trial court did not abuse its discretion when it admitted into evidence the videos that contained Appellant's statements. *See Balentine*, 71 S.W.3d at 768. We overrule Appellant's sole issue on appeal.

### III. *This Court's Ruling*

We affirm the judgment of the trial court.


MIKE WILLSON

JUSTICE


June 18, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and McCall.[4]

Bailey, J., not participating.

---

[4]Terry McCall, Retired Justice, Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.